CSD 1099 [07/01/18]
Name, Address, Telephone No. & I.D. No.
**Scott R. Burton**
**574 S. Rancho Santa Fe Rd**
**San Marcos, CA 92078**
**760 727-4746**
**96898 CA**

## UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
**Daniel E Nichols**

BANKRUPTCY NO. **19-06176**

Debtor.

## BALANCE OF SCHEDULES, STATEMENTS, AND/OR CHAPTER 13 PLAN

Presented are the original with the number of copies required by CSD 1800 Administrative Procedures of the following [Check one or more boxes as appropriate]:

- [x] Schedules A/B - J
- [x] Statement of Financial Affairs
- [x] Summary of Schedules (Includes Statistical Summary of Certain Liabilities)
- [x] Summary of Your Assets and Liabilities and Certain Statistical Information Schedules
- [x] Chapter 7 Statement of Current Monthly Income
- [x] Chapter 7 Statement of Exemption from Presumption of Abuse Under § 707(b)(2)
- [x] Chapter 7 Means Test Calculation
- [ ] Chapter 11 Statement of Your Current Monthly Income
- [ ] Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
- [ ] Chapter 13 Calculation of Your Disposable Income
- [x] Chapter 13 Plan
- [x] Schedule of Real and/or Personal Property
- [x] Schedule of Property Claimed Exempt
- [x] Creditors Holding Secured Claims by Property
- [x] Creditors Holding Unsecured Priority and/or Non-priority Claims:
- [x] Schedule of Executory Contracts & Unexpired Leases
- [x] Schedule of Co-Debtors
- [x] Income of Individual Debtor(s)
- [x] Expenses of Individual Debtor(s)
- [ ] Expenses for Separate Household of Debtor 2

**If additional creditors are added at this time, the following are required:**
1. Electronic media required, see CSD 1007, containing only the added names and addresses (when the Balance of Schedules are filed on paper).
2. Local Form CSD 1101, Notice, *Notice to Creditors of This Debtor Added by Amendment or Balance of Schedules. See instructions on reverse side.*

Dated: October 29, 2019          Signed: _____
                                          Attorney for Debtor

I [We] ___Daniel E Nichols___ and _____, the debtor(s), hereby declare under penalty of perjury that the information set forth in the balance of schedules and/or chapter 13 plan attached hereto, consisting of _____ pages, and on the creditor matrix, if any, is true and correct.

Dated: October 29, 2019          _____          _____
                                          *Debtor                              *Joint Debtor
          *If filed electronically, pursuant to LBR 5005-4(C), the original debtor signature(s) in a scanned format is required.

CSD 1099                                                    **Refer to Instructions on Reverse Side**
Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                              Best Case Bankruptcy

CSD 1099 (Page 2) [07/01/18]

## INSTRUCTIONS

1.  Local Form CSD 1101, *Notice to Creditors of The Above-Named Debtor Added by Amendment or Balance of Schedules*, may be used to notify any added entity. When applicable, copies of the following notices must accompany the notice: Order for and Notice of Section 341(a) Meeting, Discharge of Debtor, Notice of Order Confirming Plan, and Proof of Claim.

2.  If not filed previously and this is an ECF case, the *Declaration Re: Electronic Filing of Petition, Schedules & Statements* (Local Form CSD 1801) must be filed in accordance with LBR 5005-4(c).

3.  If this is a Chapter 11 case, each member of any committee appointed must be served this Balance of Schedules.

### PROOF OF SERVICE

I, whose address appears below, certify:

That I am, and at all relevant times was, more than 18 years of age;

I served a true copy of this **Balance of Schedules and/or Chapter 13 Plan** on the following persons listed below by the mod of service shown below:

1.  **To Be Served by the Court via Notice of Electronic Filing ("NEF"):**

Under controlling Local Bankruptcy Rules(s) ("LBR"), the document(s) listed above will be served by the court via NEF and hyperlink to the document. On  10-29-2019  , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the e-mail address(es) indicated and/or as checked below:

☐  Chapter 7 Trustee:

☐  For Chpt. 7, 11, & 12 cases:          ☐  For ODD numbered Chapter 13 cases:          ☑  For EVEN numbered Chapter 13 cases:

| UNITED STATES TRUSTEE | THOMAS H. BILLINGSLEA, JR., TRUSTEE | DAVID L. SKELTON, TRUSTEE |
|---|---|---|
| ustp.region15@usdoj.gov | Billingslea@thb.coxatwork.com | admin@ch13.sdcoxmail.com |
| | | dskelton13@ecf.epiqsystems.com |

2.  **Served by United States Mail or Overnight Mail:**

On _____,I served the following person(s) and/or entity(ies) at the last known address(es) In this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail via 1) first class, postage prepaid, 2) certified mail with receipt number, addressed as follows:

3.  **Served by Personal Delivery, Facsimile Transmission, Overnight Delivery, or Electronic Mail:**

Under Fed.R.Civ.P.5 and controlling LBR, on _____ , I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission, by overnight delivery, and/or electronic mail as follows:

I declare under penalty of perjury under the laws of the United States of America that the statements made in this proof of service are true and correct.

Executed on  **October 29, 2019**                    _____
                    (Date)

**Scott R. Burton**
**SCOTT R. BURTON SB# 96898**
**574 S. Rancho Santa Fe Rd**
**San Marcos, CA 92078**
Address

CSD 1099

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel E Nichols** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA |
| Case number | 19-06176 |
| (if known) | |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

| | Your assets<br>Value of what you own |
|---|---|
| 1.   **Schedule A/B: Property** (Official Form 106A/B) | |
| 1a. Copy line 55, Total real estate, from Schedule A/B................................................................. | $        450,000.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B..................................................... | $         35,600.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B............................................................... | $        485,600.00 |

### Part 2:   Summarize Your Liabilities

| | Your liabilities<br>Amount you owe |
|---|---|
| 2.   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)<br>2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D...* | $        421,858.00 |
| 3.   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)<br>3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................. | $              0.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*........................ | $         35,779.00 |
| Your total liabilities | $        457,637.00 |

### Part 3:   Summarize Your Income and Expenses

| | |
|---|---|
| 4.   *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*..................................................... | $          5,905.84 |
| 5.   *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*........................................................... | $          4,830.00 |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☒ Yes

7.   **What kind of debt do you have?**

☒ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum          Summary of Your Assets and Liabilities and Certain Statistical Information          page 1 of 2

Debtor 1    **Daniel E Nichols**                                    Case number *(if known)*  **19-06176**

8. **From the *Statement of Your Current Monthly Income:*** Copy your total current monthly income from Official Form 122A-1 Line 11; OR, Form 122B Line 11; OR, Form 122C-1 Line 14.                                                                 $          3,500.00

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

|  | Total claim |
|---|---|
| **From Part 4 on *Schedule E/F,* copy the following:** | |
| 9a. Domestic support obligations (Copy line 6a.) | $          0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $          0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $          0.00 |
| 9d. Student loans. (Copy line 6f.) | $          0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $          0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$          0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $          0.00 |

**Fill in this information to identify your case and this filing:**

| | |
|---|---|
| Debtor 1 | **Daniel E Nichols** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF CALIFORNIA

Case number  19-06176

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                    12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**  Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
■ Yes. Where is the property?

---

**1.1**

| | What is the property? Check all that apply | |
|---|---|---|
| **801 Ethel Place** | ■ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| Street address, if available, or other description | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☐ Manufactured or mobile home | |
| **National City**    **CA** | ☐ Land | Current value of the entire property? / Current value of the portion you own? |
| City    State    ZIP Code | ☐ Investment property | $450,000.00 / $450,000.00 |
| | ☐ Timeshare | |
| | ☐ Other | Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| | **Who has an interest in the property?** Check one | **Fee simple** |
| **San Diego** | ■ Debtor 1 only | |
| County | ☐ Debtor 2 only | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Check if this is community property (see instructions) |
| | ☐ At least one of the debtors and another | |

Other information you wish to add about this item, such as local property identification number:

**after sales costs no net equity..The valued on Zillow at $455,000. The house was built in the 1950''s, It needs carpet, paint and kitchen remodeling.**

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................=>    $450,000.00

**Part 2:**  Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

Debtor 1    **Daniel E Nichols**                                                    Case number *(if known)*   **19-06176**

### 3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 3.1 | Make: **Jeep** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: **Compass** | ■ Debtor 1 only | |
| | Year: **2007** | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | Approximate mileage: **150,000** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | **salvaged vehichle..I paid $2000 more than 7 years ago.** | ☐ Check if this is community property (see instructions) | **$1,000.00** **$1,000.00** |

| | | | |
|---|---|---|---|
| 3.2 | Make: **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: **Explorer** | ■ Debtor 1 only | |
| | Year: **1993** | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | Approximate mileage: **300000** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | **salvage** | ☐ Check if this is community property (see instructions) | **$500.00** **$500.00** |

| | | | |
|---|---|---|---|
| 3.3 | Make: **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: **Baracuda** | ■ Debtor 1 only | |
| | Year: **1970** | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | Approximate mileage: **unknown** | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | **not working** | ☐ Check if this is community property (see instructions) | **$50.00** **$50.00** |

### 4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

| | | | |
|---|---|---|---|
| 4.1 | Make: **none** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | Model: **Fishing Boat** | ■ Debtor 1 only | |
| | Year: **1947** | ☐ Debtor 2 only | **Current value of the entire property?** **Current value of the portion you own?** |
| | | ☐ Debtor 1 and Debtor 2 only | |
| | Other information: | ☐ At least one of the debtors and another | |
| | **i paid $5000 for it..It is tough to sell now.** | ☐ Check if this is community property (see instructions) | **$16,000.00** **$16,000.00** |

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=>    **$17,550.00**

**Part 3:**  Describe Your Personal and  Household Items

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

### 6. Household goods and furnishings
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

Debtor 1    Daniel E Nichols                                    Case number *(if known)*    19-06176

■ **Yes.** Describe.....

<u>household goods and furnishings</u>                                            **$2,000.00**

7.  **Electronics**
    *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
    including cell phones, cameras, media players, games
    ■ **No**
    ☐ **Yes.** Describe.....

8.  **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
    other collections, memorabilia, collectibles
    ■ **No**
    ☐ **Yes.** Describe.....

9.  **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
    musical instruments
    ■ **No**
    ☐ **Yes.** Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ **No**
    ☐ **Yes.** Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ■ **No**
    ☐ **Yes.** Describe.....

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ **No**
    ☐ **Yes.** Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ **No**
    ☐ **Yes.** Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ **No**
    ☐ **Yes.** Give specific information.....

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached
    for Part 3. Write that number here ............................................................................                **$2,000.00**

**Part 4:**   **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?                        Current value of the
                                                                                                 portion you own?
                                                                                                 Do not deduct secured
                                                                                                 claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ **No**
    ☐ **Yes**...................................................................................................

Debtor 1   **Daniel E Nichols**                                          Case number *(if known)*   **19-06176**

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
■ Yes.....................                            Institution name:

| | 17.1. | Checking | Chase | | $50.00 |

| | 17.2. | Checking | Bank of America | | $9,000.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes.................              Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

■ No
☐ Yes.  Give specific information about them...................
               Name of entity:                                    % of ownership:

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
               Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
■ Yes. List each account separately.
               Type of account:              Institution name:

| | **401 k** | **Principal** | | $5,000.00 |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes. ....................              Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No
☐ Yes.............              Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes.............              Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No
☐ Yes.  Give specific information about them...

Official Form 106A/B                    Schedule A/B: Property                                         page 4

Debtor 1    Daniel E Nichols                                                    Case number *(if known)*    19-06176

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ☐ No
    ☐ Yes.  Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

28. **Tax refunds owed to you**
    ☐ No
    ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    ☐ No
    ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security
    benefits; unpaid loans you made to someone else
    ☐ No
    ☐ Yes.  Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    ☐ No
    ☐ Yes. Name the insurance company of each policy and list its value.
    Company name:                        Beneficiary:                        Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    ☐ No
    ☐ Yes.  Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    ☐ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☐ No
    ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    ☐ No
    ☐ Yes.  Give specific information..

36.  **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
     for Part 4. Write that number here**....................................................................................................    $14,050.00

**Part 5:**   Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37.  **Do you own or have any legal or equitable interest in any business-related property?**
    ☐ No. Go to Part 6.
    ☐ Yes.  Go to line 38.

**Current value of the**

Debtor 1    Daniel E Nichols                Case number *(if known)*   19-06176

**portion you own?**
Do not deduct secured
claims or exemptions.

38.  **Accounts receivable or commissions you already earned**
☑ No
☐ Yes.  Describe.....

39.  **Office equipment, furnishings, and supplies**
*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
☑ No
☐ Yes.  Describe.....

40.  **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
☐ No
☑ Yes.  Describe.....

| | |
|---|---|
| fishing equipment..14 poles anywhere from 2 years to 20 years | $2,000.00 |

41.  **Inventory**
☑ No
☐ Yes.  Describe.....

42.  **Interests in partnerships or joint ventures**
☑ No
☐ Yes.  Give specific information about them...................
    Name of entity:                                    % of ownership:

43.  **Customer lists, mailing lists, or other compilations**
☑ No.
☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

    ☑ No
    ☐ Yes.  Describe.....

44.  **Any business-related property you did not already list**
☑ No
☐ Yes. Give specific information.........

45.  **Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
for Part 5. Write that number here.........................................................................................**        $2,000.00

**Part 6.**  **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46.  **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
☑ No. Go to Part 7
☐ Yes.  Go to line 47.

**Part 7.**    **Describe All Property You Own or Have an Interest in That You Did Not List Above**

Debtor 1    **Daniel E Nichols**                                                                Case number *(if known)*  **19-06176**

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership

    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ....................................    **$0.00**

| Part 8: | List the Totals of Each Part of this Form |
|---|---|

55. **Part 1: Total real estate, line 2** ...........................................................................    **$450,000.00**

56. **Part 2: Total vehicles, line 5**    **$17,550.00**

57. **Part 3: Total personal and household items, line 15**    **$2,000.00**

58. **Part 4: Total financial assets, line 36**    **$14,050.00**

59. **Part 5: Total business-related property, line 45**    **$2,000.00**

60. **Part 6: Total farm- and fishing-related property, line 52**    **$0.00**

61. **Part 7: Total other property not listed, line 54**    +    **$0.00**

62. **Total personal property.** Add lines 56 through 61...    **$35,600.00**    Copy personal property total    **$35,600.00**

63. **Total of all property on Schedule A/B**. Add line 55 + line 62    **$485,600.00**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                Best Case Bankruptcy

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Daniel E Nichols** |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA |
| Case number | 19-06176 |
| (if known) | |

☐ Check if this is an
amended filing

## Official Form 106C
# Schedule C: The Property You Claim as Exempt
**4/19**

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☐ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **2007 Jeep Compass 150,000 miles salvaged vehichle..I paid $2000 more than 7 years ago.** Line from *Schedule A/B:* **3.1** | $1,000.00 | ■ $1,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(2) |
| **1993 Ford Explorer 300000 miles salvage** Line from *Schedule A/B:* **3.2** | $500.00 | ■ $500.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **1970 Ford Baracuda unknown miles not working** Line from *Schedule A/B:* **3.3** | $50.00 | ■ $50.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **1947 none Fishing Boat i paid $5000 for it..It is tough to sell now.** Line from *Schedule A/B:* **4.1** | $16,000.00 | ■ $16,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **household goods and furnishings** Line from *Schedule A/B:* **6.1** | $2,000.00 | ■ $2,000.00 <br> ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(3) |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor 1 | **Daniel E Nichols** | | | Case number (if known) | **19-06176** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Checking: Chase**<br>Line from *Schedule A/B*: **17.1** | $50.00 | ■         $50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **Checking: Bank of America**<br>Line from *Schedule A/B*: **17.2** | $9,000.00 | ■      $9,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(5) |
| **401 k: Principal**<br>Line from *Schedule A/B*: **21.1** | $5,000.00 | ■      $5,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(10)(E) |
| **fishing equipment..14 poles anywhere from 2 years to 20 years**<br>Line from *Schedule A/B*: **40.1** | $2,000.00 | ■      $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 703.140(b)(6) |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ■ No

    ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐ No

        ☐ Yes

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1 **Daniel E Nichols**
First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF CALIFORNIA

Case number   19-06176
(if known)

☐ Check if this is an
amended filing

Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

**1. Do any creditors have claims secured by your property?**

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:   List All Secured Claims**

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | | Column A | Column B | Column C |
|---|---|---|---|---|---|
| | | | Amount of claim | Value of collateral | Unsecured |
| | | | Do not deduct the | that supports this | portion |
| | | | value of collateral. | claim | If any |

| 2.1 | **Home Point Financial Corporation** | | | | |
|---|---|---|---|---|---|

Creditor's Name

**Describe the property that secures the claim:**      $421,858.00      $450,000.00      $0.00

**801 Ethel Place National City, CA San Diego County after sales costs no net equity..The valued on Zillow at $455,000. The house was built in the 1950''s, It needs carpet, paint and kitchen remodeling.**

Attn: Correspondence Dept
11511 Luna Road; Suite 200
Farmers Branch, TX 75234

Number, Street, City, State & Zip Code

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

■ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right of offset)

Date debt was incurred   **Opened 04/15  Last Active 10/18**   Last 4 digits of account number   **5464**

Add the dollar value of your entries in Column A on this page. Write that number here:      $421,858.00

If this is the last page of your form, add the dollar value totals from all pages. Write that number here:      $421,858.00

**Part 2:   List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Daniel E Nichols** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA | | |
| Case number | 19-06176 | | |
| (if known) | | | |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims       12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?

■ No. Go to Part 2.

☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

■ Yes.

4.  List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| **4.1** | **Capital One** | Last 4 digits of account number  **9913** | **$1,573.00** |
| | Nonpriority Creditor's Name | | |
| | **Attn: Bankruptcy** | When was the debt incurred?  **Opened 08/10  Last Active 05/18** | |
| | **Po Box 30285** | | |
| | **Salt Lake City, UT 84130** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |
| | **Who incurred the debt?** Check one. | | |

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

■ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

**Type of NONPRIORITY unsecured claim:**

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify  **Credit Card**

Debtor 1    Daniel E Nichols                                    Case number (if known)    19-06176

| 4.2 | **Chase Card Services** | Last 4 digits of account number    7606 | $5,012.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 15298**
**Wilmington, DE 19850**
Number Street City State Zip Code

When was the debt incurred?    **Opened 01/17 Last Active 11/18**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Credit Card**

---

| 4.3 | **Citibank/Best Buy** | Last 4 digits of account number    1925 | $1,087.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 790441**
**St. Louis, MO 63179**
Number Street City State Zip Code

When was the debt incurred?    **Opened 10/15 Last Active 10/18**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Charge Account**

---

| 4.4 | **Credit First National Association** | Last 4 digits of account number    2827 | $626.00 |

Nonpriority Creditor's Name
**Attn: Bankruptcy**
**Po Box 81315**
**Cleveland, OH 44181**
Number Street City State Zip Code

When was the debt incurred?    **Opened 08/10 Last Active 09/19**

**Who incurred the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ **Check if this claim is for a community debt**

Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify    **Charge Account**

---

Debtor 1    Daniel E Nichols                    Case number (if known)    19-06176

| 4.5 | **LendingClub** | Last 4 digits of account number | **1507** | $1,767.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**595 Market St, Ste 200**
**San Francisco, CA 94105**

When was the debt incurred?    **Opened 12/15  Last Active 7/10/18**

Number Street City State Zip Code

**Who incurred the debt? Check one.**                    As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Unsecured**

---

| 4.6 | **LendingClub** | Last 4 digits of account number | **5426** | $14,224.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**595 Market St, Ste 200**
**San Francisco, CA 94105**

When was the debt incurred?    **Opened  3/17/17  Last Active 06/18**

Number Street City State Zip Code

**Who incurred the debt? Check one.**                    As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Unsecured**

---

| 4.7 | **LVNV Funding/Resurgent Capital** | Last 4 digits of account number | **8108** | $5,659.00 |

Nonpriority Creditor's Name

**Attn: Bankruptcy**
**Po Box 10497**
**Greenville, SC 29603**

When was the debt incurred?    **Opened 11/18 Last Active 04/18**

Number Street City State Zip Code

**Who incurred the debt? Check one.**                    As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a  community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify    **Factoring Company Account Synchrony Bank Walmart Mc**

---

Debtor 1   Daniel E Nichols                                     Case number (if known)   19-06176

---

**4.8**  **LVNV Funding/Resurgent Capital**           Last 4 digits of account number   **2189**                      $2,292.00
Nonpriority Creditor's Name
**Attn: Bankruptcy**                                 **Opened 04/19  Last Active**
**Po Box 10497**               When was the debt incurred?   **09/18**
**Greenville, SC 29603**
Number Street City State Zip Code                    As of the date you file, the claim is: Check all that apply
**Who incurred the debt?** Check one.
■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                    report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify   **Factoring Company Account Credit One**
                                                                        **Bank N.A.**

---

**4.9**  **Merrick Bank/CardWorks**                  Last 4 digits of account number   **2125**                      $1,594.00
Nonpriority Creditor's Name
**Attn: Bankruptcy**                                 **Opened 11/14  Last Active**
**Po Box 9201**                When was the debt incurred?   **06/18**
**Old Bethpage, NY 11804**
Number Street City State Zip Code                    As of the date you file, the claim is: Check all that apply
**Who incurred the debt?** Check one.
■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                    report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify   **Credit Card**

---

**4.10**  **NCB Management Services**               Last 4 digits of account number   **4967**                      $1,945.00
Nonpriority Creditor's Name
**Attn: Bankruptcy**                                 **Opened 08/18  Last Active**
**One Allied Drive**           When was the debt incurred?   **06/18**
**Trevose, PA 19053**
Number Street City State Zip Code                    As of the date you file, the claim is: Check all that apply
**Who incurred the debt?** Check one.
■ Debtor 1 only                                      ☐ Contingent
☐ Debtor 2 only                                      ☐ Unliquidated
☐ Debtor 1 and Debtor 2 only                         ☐ Disputed
☐ At least one of the debtors and another            Type of NONPRIORITY unsecured claim:
☐ **Check if this claim is for a community**         ☐ Student loans
**debt**                                             ☐ Obligations arising out of a separation agreement or divorce that you did not
**Is the claim subject to offset?**                    report as priority claims
■ No                                                 ☐ Debts to pension or profit-sharing plans, and other similar debts
☐ Yes                                                ■ Other. Specify   **Factoring Company Account Republic**
                                                                        **Bank Trust Co**

---

**Part 3:**   **List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you

---

Debtor 1    Daniel E Nichols                                    Case number (if known)    19-06176

have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

| **Part 4:** | Add the Amounts for Each Type of Unsecured Claim |

6.  Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

|  | | | | **Total Claim** |
|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |
| | | | | **Total Claim** |
| **Total claims from Part 2** | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 35,779.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ 35,779.00 |

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Daniel E Nichols** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF CALIFORNIA | | |
| Case number | **19-06176** | | |
| (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1.  **Do you have any executory contracts or unexpired leases?**
    ■ No. Check this box and file this form with the court with your other schedules.  You have nothing else to report on this form.
    ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2.  **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|
| Name, Number, Street, City, State and ZIP Code | |

**2.1**

Name

Number    Street

City                    State        ZIP Code

**2.2**

Name

Number    Street

City                    State        ZIP Code

**2.3**

Name

Number    Street

City                    State        ZIP Code

**2.4**

Name

Number    Street

City                    State        ZIP Code

**2.5**

Name

Number    Street

City                    State        ZIP Code

---

Official Form 106G                    Schedule G: Executory Contracts and Unexpired Leases                    Page 1 of 1

**Fill in this information to identify your case:**

Debtor 1    Daniel E Nichols
_____
First Name          Middle Name          Last Name

Debtor 2    _____
(Spouse if, filing)  First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF CALIFORNIA

Case number    19-06176
(if known)

☐ Check if this is an
   amended filing

## Official Form 106H
# Schedule H: Your Codebtors
12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

   **1. Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.

   ■ No
   ☐ Yes

   **2. Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ■ No. Go to line 3.
   ☐ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

**3. In Column 1, list all of your codebtors.** Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| *Column 1:* Your codebtor | *Column 2:* The creditor to whom you owe the debt |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

**3.1**

Name _____

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number    Street
City                    State              ZIP Code

**3.2**

Name _____

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

Number    Street
City                    State              ZIP Code

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1          **Daniel E Nichols**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF CALIFORNIA

Case number          **19-06176**
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I
## Schedule I: Your Income
12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**     Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed | ☐ Employed |
| | | ☐ Not employed | ☐ Not employed |
| Occupation | | tug boat captain | |
| Employer's name | | Pacific Tug Boat | |
| Employer's address | | 1444 Caesar Chavez San Diego, CA 92113 | |
| How long employed there? | | 9 years | |

**Part 2:**     Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $    6,976.67 | $    N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$    0.00 | +$    N/A |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $    6,976.67 | $    N/A |

| Debtor 1 | Daniel E Nichols | Case number (if known) | 19-06176 |

|  |  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | 4. | $ | 6,976.67 | $ N/A |

5. List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 1,570.83 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |
| 6. | Add the payroll deductions. Add lines 5a+5b+5c+5d+5e+5f+5g+5h. | 6. | $ 1,570.83 | $ N/A |
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | 7. | $ 5,405.84 | $ N/A |

8. List all other income regularly received:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 0.00 | $ N/A |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: rent | 8h.+ | $ 500.00 + | $ N/A |
| 9. | Add all other income. Add lines 8a+8b+8c+8d+8e+8f+8g+8h. | 9. | $ 500.00 | $ N/A |

| 10. | Calculate monthly income. Add line 7 + line 9. | 10. | $ 5,905.84 + $ N/A = $ 5,905.84 |
|---|---|---|---|

Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

| 11. | State all other regular contributions to the expenses that you list in *Schedule J*. Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. Specify: | 11. +$ | 0.00 |
|---|---|---|---|

| 12. | Add the amount in the last column of line 10 to the amount in line 11. The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies | 12. | $ 5,905.84 |
|---|---|---|---|

Combined monthly income

13. Do you expect an increase or decrease within the year after you file this form?

■ No.

☐ Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1    **Daniel E Nichols**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:  SOUTHERN DISTRICT OF CALIFORNIA

Case number  **19-06176**
(If known)

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1.    **Is this a joint case?**

■ No. Go to line 2.
☐ Yes. **Does Debtor 2 live in a separate household?**

    ☐ No
    ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.    **Do you have dependents?**    ■ No

| Do not list Debtor 1 and Debtor 2.<br><br>Do not state the dependents names. | ☐ Yes. | Fill out this information for each dependent.............. | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|---|
| | | | | | ☐ No<br>☐ Yes |
| | | | | | ☐ No<br>☐ Yes |
| | | | | | ☐ No<br>☐ Yes |
| | | | | | ☐ No<br>☐ Yes |

3.    **Do your expenses include expenses of people other than yourself and your dependents?**
  ■ No
  ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  |  | **Your expenses** |
|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ 2,500.00 |
| | If not included in line 4: | |
| 4a. | Real estate taxes | 4a. $ 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ 50.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ 0.00 |

Debtor 1   **Daniel E Nichols**                                      Case number (if known)   **19-06176**

| | | | | |
|---|---|---|---|---|
| 6. | **Utilities:** | | | |
| | 6a. | Electricity, heat, natural gas | 6a. $ | 220.00 |
| | 6b. | Water, sewer, garbage collection | 6b. $ | 65.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 400.00 |
| | 6d. | Other. Specify: | 6d. $ | 0.00 |
| 7. | **Food and housekeeping supplies** | | 7. $ | 500.00 |
| 8. | **Childcare and children's education costs** | | 8. $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. $ | 50.00 |
| 10. | **Personal care products and services** | | 10. $ | 25.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 50.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 350.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 100.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
| | 15a. | Life insurance | 15a. $ | 0.00 |
| | 15b. | Health insurance | 15b. $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. $ | 40.00 |
| | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. $ | 0.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
| | 17c. | Other. Specify: | 17c. $ | 0.00 |
| | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
| | 20a. | Mortgages on other property | 20a. $ | 0.00 |
| | 20b. | Real estate taxes | 20b. $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. $ | 0.00 |
| 21. | **Other: Specify:**   boat slip | | 21. +$ | 200.00 |
| | | pet care | +$ | 200.00 |
| | | pool maintenance | +$ | 80.00 |
| 22. | **Calculate your monthly expenses.** | | | |
| | 22a. Add lines 4 through 21. | | $ | 4,830.00 |
| | 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | | $ | |
| | 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 4,830.00 |
| 23. | **Calculate your monthly net income.** | | | |
| | 23a. Copy line 12 *(your combined monthly income)* from Schedule I. | | 23a. $ | 5,905.84 |
| | 23b. Copy your monthly expenses from line 22c above. | | 23b. –$ | 4,830.00 |
| | 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | | 23c. $ | 1,075.84 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.      Explain here:

**Fill in this information to identify your case:**

Debtor 1        **Daniel E Nichols**
                First Name         Middle Name         Last Name

Debtor 2
(Spouse if, filing)   First Name    Middle Name         Last Name

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF CALIFORNIA

Case number   **19-06176**
(if known)

☐ Check if this is an
   amended filing

## Official Form 106Dec
# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☑ No

☐ Yes.  Name of person _____

Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____          X _____
**Daniel E Nichols**                       Signature of Debtor 2
Signature of Debtor 1

Date   **October 29, 2019**            Date _____

Official Form 106Dec               **Declaration About an Individual Debtor's Schedules**

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

**Fill in this information to identify your case:**

Debtor 1    **Daniel E Nichols**
First Name          Middle Name          Last Name

Debtor 2
(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:    SOUTHERN DISTRICT OF CALIFORNIA

Case number    **19-06176**
(if known)

☐ Check if this is an amended filing

## Official Form 107

# Statement of Financial Affairs for Individuals Filing for Bankruptcy                    4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    Give Details About Your Marital Status and Where You Lived Before

1.  What is your current marital status?

    ☐  Married
    ■  Not married

2.  During the last 3 years, have you lived anywhere other than where you live now?

    ■  No
    ☐  Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

    | Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
    |---|---|---|---|

3.  Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■  No
    ☐  Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

**Part 2**    Explain the Sources of Your Income

4.  Did you have any income from employment or from operating a business during this year or the two previous calendar years?
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐  No
    ■  Yes. Fill in the details.

    | | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
    |---|---|---|---|---|
    | **From January 1 of current year until the date you filed for bankruptcy:** | ■ Wages, commissions, bonuses, tips | $35,000.00 | ☐ Wages, commissions, bonuses, tips | |
    | | ☐ Operating a business | | ☐ Operating a business | |

Debtor 1   Daniel E Nichols                                      Case number (if known)   19-06176

| | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| | ☐ Wages, commissions, bonuses, tips | $0.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| For last calendar year: (January 1 to December 31, 2018 ) | ■ Wages, commissions, bonuses, tips | $60,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| | ☐ Wages, commissions, bonuses, tips | $3,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |
| For the calendar year before that: (January 1 to December 31, 2017 ) | ■ Wages, commissions, bonuses, tips | $60,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |
| | ☐ Wages, commissions, bonuses, tips | $70,000.00 | ☐ Wages, commissions, bonuses, tips | |
| | ■ Operating a business | | ☐ Operating a business | |

5.  **Did you receive any other income during this year or the two previous calendar years?**
    Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

    List each source and the gross income from each source separately. Do not include income that you listed in line 4.

    ☐  No
    ■  Yes. Fill in the details.

| | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| From January 1 of current year until the date you filed for bankruptcy: | RENTS | $5,000.00 | | |
| For last calendar year: (January 1 to December 31, 2018 ) | RENTS | $6,000.00 | | |
| For the calendar year before that: (January 1 to December 31, 2017 ) | RENTS | $6,000.00 | | |

**Part 3:**   List Certain Payments You Made Before You Filed for Bankruptcy

6.  **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**
    ☐  No.   Neither Debtor 1 nor Debtor 2 has primarily consumer debts. *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

    During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?
    ☐  No.   Go to line 7.
    ☐  Yes   List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

Debtor 1    Daniel E Nichols                                    Case number *(if known)*  19-06176

paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
\* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes. **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

　　　■ No. Go to line 7.
　　　☐ Yes  List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|

7.  Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
*Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

　　　■ No
　　　☐ Yes. List all payments to an insider.

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|

8.  Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?
Include payments on debts guaranteed or cosigned by an insider.

　　　■ No
　　　☐ Yes. List all payments to an insider

| Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|

### Part 4:  Identify Legal Actions, Repossessions, and Foreclosures

9.  Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

　　　■ No
　　　☐ Yes. Fill in the details.

| Case title Case number | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|

10.  Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

　　　■ No. Go to line 11.
　　　☐ Yes. Fill in the information below.

| Creditor Name and Address | Describe the Property | Date | Value of the property |
|---|---|---|---|
| | Explain what happened | | |

11.  Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?
　　　■ No
　　　☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

Official Form 107　　　　　　　　Statement of Financial Affairs for Individuals Filing for Bankruptcy　　　　　　　　page 3

Debtor 1   Daniel E Nichols

Case number (if known)  19-06176

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☑ No
☐ Yes

**Part 5:   List Certain Gifts and Contributions**

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☑ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|
| Person to Whom You Gave the Gift and Address: | | | |

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☑ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|
| Charity's Name | | | |
| Address (Number, Street, City, State and ZIP Code) | | | |

**Part 6:   List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?

☑ No
☐ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br><br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

**Part 7:   List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☑ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, if Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| Scott R Burton<br>574 S. Rancho Santa Fe Rd.<br>San Marcos, CA 92078 | attorney fees | October 2019 | $3,900.00 |

17. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

☑ No
☐ Yes. Fill in the details.

| Person Who Was Paid<br>Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

18. Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property

Debtor 1    Daniel E Nichols

Case number (if known)    19-06176

transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

■ No
☐ Yes. Fill in the details.

| Person Who Received Transfer Address | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Person's relationship to you | | | |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called *asset-protection devices.*)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|

---

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

☐ No
■ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| Bank of America | XXXX- | ■ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other___ | August closed by the bank | $200.00 |

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

---

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Debtor 1    Daniel E Nichols                                    Case number *(if known)*    19-06176

---

**Part 9:    Identify Property You Hold or Control for Someone Else**

23.  Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.

■ No
☐ Yes.  Fill in the details.

| Owner's Name<br>Address (Number, Street, City, State and ZIP Code) | Where is the property?<br>(Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

**Part 10:    Give Details About Environmental Information**

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.
■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.
■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24.  Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25.  Have you notified any governmental unit of any release of hazardous material?

■ No
☐ Yes. Fill in the details.

| Name of site<br>Address (Number, Street, City, State and ZIP Code) | Governmental unit<br>Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

26.  Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.

■ No
☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

**Part 11:    Give Details About Your Business or Connections to Any Business**

27.  Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?

■ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

---

Debtor 1   Daniel E Nichols

Case number (if known)   19-06176

☐ **No.** None of the above applies. Go to Part 12.

■ **Yes.** Check all that apply above and fill in the details below for each business.

| Business Name Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|
| Mud Shark fISHERIES<br>801 Ethel Place<br>National City, CA 91950 | fisherman | Dates business existed<br>EIN:<br><br>From-To   200-PRESENT |

28. Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.

■ No
☐ Yes. Fill in the details below.

| Name Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|
| | |

## Part 12:   Sign Below

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _____
**Daniel E Nichols**
Signature of Debtor 1

_____
Signature of Debtor 2

Date   October 29, 2019

Date   _____

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
■ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
■ No
☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
SOUTHERN DISTRICT OF CALIFORNIA

Case number (if known): 19-06176

Official Form 121

# Statement About Your Social Security Numbers

12/15

Use this form to tell the court about any Social Security or federal Individual Taxpayer Identification numbers you have used. Do not file this form as part of the public case file. This form must be submitted separately and must not be included in the court's public electronic records. Please consult local court procedures for submission requirements.

To protect your privacy, the court will not make this form available to the public. You should not include a full Social Security Number or Individual Taxpayer Number on any other document filed with the court. The court will make only the last four digits of your numbers known to the public. However, the full numbers will be available to your creditors, the U.S. Trustee or bankruptcy administrator, and the trustee assigned to your case.

Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Part 1:  Tell the Court About Yourself and Your spouse if Your Spouse is Filing With You**

|  | For Debtor 1: | For Debtor 2 (Only if Spouse is Filing:) |
|---|---|---|
| 1. Your name | Daniel | |
| | First name | First name |
| | E | |
| | Middle name | Middle name |
| | Nichols | |
| | Last name | Last name |

**Part 2:  Tell the Court About all of Your Social Security or Federal Individual Taxpayer Identification Numbers**

2. All Social Security Numbers you have used

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

☐ You do not have a Social Security Number        ☐ You do not have a Social Security Number

3. All federal Individual Taxpayer Identification Numbers (ITIN) you have used

■ You do not have an ITIN.        ☐ You do not have an ITIN.

**Part 3:  Sign Below**

Under penalty of perjury, I declare that the information I have provided in this form is true and correct.

X _____
Daniel E Nichols
Signature of Debtor 1

Date   October 29, 2019

Under penalty of perjury, I declare that the information I have provided in this form is true and correct.

X _____
Signature of Debtor 2

Date

| Fill in this information to identify your case: | | Check as directed in lines 17 and 21: |
|---|---|---|

**Debtor 1**  Daniel E Nichols

**Debtor 2**
(Spouse, if filing)

**United States Bankruptcy Court for the:**  Southern District of California

**Case number**  19-06176
(if known)

According to the calculations required by this Statement:

■ 1. Disposable income is not determined under 11 U.S.C. § 1325(b)(3).

☐ 2. Disposable income is determined under 11 U.S.C. § 1325(b)(3).

■ 3. The commitment period is 3 years.

☐ 4. The commitment period is 5 years.

☐ Check if this is an amended filing

## Official Form 122C-1
## Chapter 13 Statement of Your Current Monthly Income and Calculation of Commitment Period
12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known).

| Part 1: | Calculate Your Average Monthly Income |
|---|---|

1. **What is your marital and filing status?** Check one only.

   ■ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married.** Fill out both Columns A and B, lines 2-11.

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

| | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $ 3,000.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $ 0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Do not include payments from a spouse. Do not include payments you listed on line 3. | $ 0.00 | $ |

5. **Net income from operating a business, profession, or farm**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ | 0.00 |
| Ordinary and necessary operating expenses | -$ | 0.00 |
| Net monthly income from a business, profession, or farm | $ | 0.00 Copy here -> $ 0.00    $ |

6. **Net income from rental and other real property**

| | Debtor 1 | |
|---|---|---|
| Gross receipts (before all deductions) | $ | 500.00 |
| Ordinary and necessary operating expenses | -$ | 0.00 |
| Net monthly income from rental or other real property | $ | 500.00 Copy here -> $ 500.00    $ |

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Debtor 1    **Daniel E Nichols**                                                    Case number *(if known)*    **19-06176**

|  | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|

7. **Interest, dividends, and royalties**    $ 0.00    $

8. **Unemployment compensation**    $ 0.00    $

   Do not enter the amount if you contend that the amount received was a benefit under the Social Security Act. Instead, list it here:

   For you    $ 0.00

   For your spouse    $

9. **Pension or retirement income.** Do not include any amount received that was a    $ 0.00    $
   benefit under the Social Security Act.

10. **Income from all other sources not listed above.** Specify the source and amount.
    Do not include any benefits received under the Social Security Act or payments
    received as a victim of a war crime, a crime against humanity, or international or
    domestic terrorism. If necessary, list other sources on a separate page and put the
    total below.

    $ 0.00    $

    $ 0.00    $

    Total amounts from separate pages, if any.    + $ 0.00    $

11. **Calculate your total average monthly income.** Add lines 2 through 10 for    $ 3,500.00    + $ _____    = $ 3,500.00
    each column. Then add the total for Column A to the total for Column B.

    Total average<br>monthly income

---

| **Part 2:** | **Determine How to Measure Your Deductions from Income** |
|---|---|

12. Copy your total average monthly income from line 11.    $ 3,500.00

13. **Calculate the marital adjustment.** Check one:

    ☑ You are not married. Fill in 0 below.

    ☐ You are married and your spouse is filing with you. Fill in 0 below.

    ☐ You are married and your spouse is not filing with you.

    Fill in the amount of the income listed in line 11, Column B, that was NOT regularly paid for the household expenses of you or your dependents, such as payment of the spouse's tax liability or the spouse's support of someone other than you or your dependents.

    Below, specify the basis for excluding this income and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page.

    If this adjustment does not apply, enter 0 below.

    $ _____

    $ _____

    + $ _____

    Total    $ 0.00    Copy here=>    - 0.00

14. **Your current monthly income.** Subtract line 13 from line 12.    $ 3,500.00

15. **Calculate your current monthly income for the year.** Follow these steps:

    15a. Copy line 14 here=>    $ 3,500.00

    Multiply line 15a by 12 (the number of months in a year).    x 12

    15b. The result is your current monthly income for the year for this part of the form. ................    $ 42,000.00

---

Debtor 1   **Daniel E Nichols**                                    Case number *(if known)*   **19-06176**

16. **Calculate the median family income that applies to you.** Follow these steps:

    16a. Fill in the state in which you live.     **CA**

    16b. Fill in the number of people in your household.     **1**

    16c. Fill in the median family income for your state and size of household.     $ **57,962.00**
        To find a list of applicable median income amounts, go online using the link specified in the separate instructions for this form. This list may also be available at the bankruptcy clerk's office.

17. **How do the lines compare?**

    17a.  ■  Line 15b is less than or equal to line 16c. On the top of page 1 of this form, check box 1, *Disposable income is not determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3.** Do NOT fill out *Calculation of Your Disposable Income* (Official Form 122C-2).

    17b.  ☐  Line 15b is more than line 16c. On the top of page 1 of this form, check box 2, *Disposable income is determined under 11 U.S.C. § 1325(b)(3)*. **Go to Part 3 and fill out Calculation of Your Disposable Income (Official Form 122C-2).** On line 39 of that form, copy your current monthly income from line 14 above.

| **Part 3:** | **Calculate Your Commitment Period Under 11 U.S.C. § 1325(b)(4)** |
|---|---|

18. Copy your total average monthly income from line 11 .     $ **3,500.00**

19. **Deduct the marital adjustment if it applies.** If you are married, your spouse is not filing with you, and you contend that calculating the commitment period under 11 U.S.C. § 1325(b)(4) allows you to deduct part of your spouse's income, copy the amount from line 13.     -$ **0.00**

    19a. If the marital adjustment does not apply, fill in 0 on line 19a.

    19b. **Subtract line 19a from line 18.**     $ **3,500.00**

20. **Calculate your current monthly income for the year.** Follow these steps:

    20a. Copy line 19b     $ **3,500.00**

        Multiply by 12 (the number of months in a year).     **x 12**

    20b. The result is your current monthly income for the year for this part of the form     $ **42,000.00**

    20c. Copy the median family income for your state and size of household from line 16c.     $ **57,962.00**

21. **How do the lines compare?**

    ■  Line 20b is less than line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 3, *The commitment period is 3 years*. **Go to Part 4.**

    ☐  Line 20b is more than or equal to line 20c. Unless otherwise ordered by the court, on the top of page 1 of this form, check box 4, *The commitment period is 5 years*. **Go to Part 4.**

| **Part 4:** | **Sign Below** |
|---|---|

By signing here, under penalty of perjury I declare that the information on this statement and in any attachments is true and correct.

X _____
    Daniel E Nichols
    Signature of Debtor 1

Date **October 29, 2019**
    MM / DD  / YYYY

If you checked 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

Revised: 12/01/17
Name, Address, Telephone No. & I.D. No.
**Scott R. Burton**
**574 S. Rancho Santa Fe Rd**
**San Marcos, CA 92078**
**760 727-4746**
**96898 CA**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

In Re
**Daniel E Nichols**                                                        BANKRUPTCY NO. **19-06176**

Last four digits of Soc. Sec. or                    Debtor.
Individual-Taxpayer I.D. (ITIN)/Complete EIN: **xxx-xx-6477**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA
### RIGHTS AND RESPONSIBILITIES OF CHAPTER 13 DEBTORS
### AND THEIR ATTORNEY
### (Consumer Case)

It is important for debtors in Chapter 13 bankruptcy to understand their rights and responsibilities. It is also important that they know what their attorney's responsibilities are, and appreciate the importance of communicating with their attorney to make the case successful. Debtors can expect their attorney to provide certain services for them. And they should know the costs of attorneys' fees through the life of a plan. To assure that debtors and their attorney understand their rights and responsibilities in the bankruptcy process, the Bankruptcy Court has made the following rights and responsibilities binding on them under Local Bankruptcy Rule 1002-1(c) and General Order 180-A. (Nothing in this agreement should be construed to excuse an attorney from any ethical duties or responsibilities under any other applicable law.)

Debtors' attorneys can be paid in one of two ways: through guideline fees; or by formal fee application. The choice, agreed upon by the debtors and their attorney, must be made at the start of the representation. Once an attorney accepts any type of guideline fee in any amount, guideline fees will apply for the duration of the case. In this case, the attorney [check one]:

■ will be paid guideline fees (subject to increase through a fee application only in atypical cases as discussed below).

☐ waives guideline fees and will instead prepare fee applications for all work done.

**UNLESS THE COURT ORDERS OTHERWISE, in every case – regardless of fee regime – the following rights and responsibilities apply:**

*The debtor must:*
1.    Provide accurate financial information.
2.    Provide information in a timely manner.
3.    Cooperate and communicate with the attorney.
4.    Discuss with the attorney the debtor's objectives in filing the case.
5.    Keep the trustee and attorney informed of the debtor's address and telephone number.
6.    Inform the attorney of any wage garnishments or attachments of assets which occur or continue after the filing of the case.
7.    Contact the attorney promptly if the debtor loses his/her job or has other financial problems.
8.    Let the attorney know immediately if the debtor is sued before or during the case.
9.    Inform the attorney if any tax refunds the debtor is entitled to are seized or not returned to the debtor by the IRS or Franchise Tax Board.

10.    Contact the attorney before buying, refinancing, or selling real property or before entering in to any long-term loan agreements to find out what approvals are required.

11.    Pay any filing fees and filing expenses that may be incurred directly to the attorney.

12.    Pay appropriate attorney's fees commensurate with this agreement and the United States Bankruptcy Court Guidelines regarding Chapter 13 Attorney Fees. Any future increase or other change in "additional fees" under the guidelines will also automatically apply to this case until it is finally closed. If a court order is entered regarding attorney's fees, fees should be paid in accordance with the court's order.

***To receive $3,900 in "initial fees," under the guidelines, or in the case of all fee applications, the attorney must:***

1.    Meet with the debtor to review the debtor's assets, liabilities, income and expenses.

2.    Analyze the debtor's financial situation, and render advice to the debtor in determining whether to file a petition in bankruptcy.

3.    Counsel the debtor regarding the advisability of filing either a Chapter 7 or Chapter 13 case, discuss both procedures with the debtor, and answer the debtor's questions.

4.    Explain to the debtor how the attorney's fees and trustee's fees are paid.

5.    Explain what payments will be made directly by the debtor and when to make those payments, and what payments will be made through the debtor's chapter 13 plan (with particular attention to mortgage and vehicle loan payments, as well as any other claims with accrued interest).

6.    Explain to the debtor how, when, and where to make the chapter 13 plan payments.

7.    Explain to the debtor that the first plan payment must be made to the Trustee within 30 days of the date the plan is filed.

8.    Advise the debtor of the requirement to attend the § 341(a) Meeting of Creditors, and instruct the debtor as to the date, time and place of the meeting.

9.    Advise the debtor of the necessity of maintaining liability, collision and comprehensive insurance on vehicles securing loans or leases.

10.    Timely prepare, file and serve the debtor's petition, plan, schedules, statement of financial affairs, and any necessary amendments thereto, which may be required.

11.    Provide an executed copy of the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys and a copy of the Court's Guidelines regarding Chapter 13 Attorney Fees to the debtor.

12.    Appear and represent the debtor at the § 341(a) Meeting of Creditors and any confirmation hearings.

13.    Respond to the objections to plan confirmation, and where necessary, prepare, file and serve an amended plan.

14.    Provide Certification of Eligibility for Discharge pursuant to Local Bankruptcy Rule 4004-1.

15.    Provide such other legal services as are necessary for the administration of the case before the Bankruptcy Court, which include, but are not limited to, a continuing obligation to assist the debtor by returning telephone calls, answering questions and reviewing and sending correspondence.

***Additional services may be required, but are not included in the guideline "initial fees" of $3,900. If necessary and when appropriate, the attorney, at the debtor's request and only with the debtor's cooperation, must provide the following services for "additional fees" described below:***

1.    Prepare, file and serve necessary modifications to the plan post-confirmation, which may include suspending, lowering or increasing plan payments.

2.    Prepare, file and serve necessary motions to buy, sell or refinance real property and authorize use of cash collateral or assume executory contracts or unexpired leases.

3.    Object to improper or invalid claims.

4.    Represent the debtor in motions for relief from stay.

5.    Prepare, file and serve necessary motions to avoid liens on real or personal property.

6.    Prepare, file and serve necessary oppositions to motions for dismissal of case.

7.    Provide such other legal services as are necessary for the administration of the case before the Bankruptcy Court, which include but are not limited to, presenting appropriate legal pleadings and making appropriate court appearances.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                      Best Case Bankruptcy

***Should additional services be provided and "additional fees" requested, the attorney must:***

1. Provide proper notice in accordance with Federal Rule of Bankruptcy Procedure 2002.
2. Advise the debtor of all "additional fees" requested and file a declaration with the court stating that counsel has so advised the debtor of the fees requested and the debtor has no objection to the requested fees.

The "Guidelines Regarding Chapter 13 Attorney Fees" provide for "additional fees" within the United States Bankruptcy Court's parameters for "additional fees" in the following amounts and include all court appearances required to pursue described actions.

### Modified Plan (Post-Confirmation) $685

for fees and expenses for services rendered post-confirmation for opposing, preparing, filing, noticing, and attending hearings on any motion to modify debtor's plan under section 1329 of the Bankruptcy Code (including the preparation of amended income and expenses statements and providing proof of income). (These fees should be less for modification due to clerical error or other administrative issues.)

### Opposition to Motions for Relief from Stay

**$500 (Personal property)**
**$675 (Real property)**

for fees and expenses of all services rendered in opposition to motions to modify or vacate automatic stay.

### Obtaining Orders re: Sale or Refinance of Real Property

**$570 (By stipulation or noticed hearing)**

for fees and expenses of all services rendered for order authorizing the sale or refinancing of real estate, but not including loan modifications.

### Objections to Claim

**$270 (Uncontested objections without hearing)**
**$400 (Contested objections with a hearing)**

for fees and expenses of all services rendered for preparing, filing and noticing objections to a claim. (Fees must not exceed 50% of the amount the trustee would have otherwise paid.)

### Oppositions to Dismissal/Motions to Avoid Lien/ Loan Modifications/Other Routine Pleadings $515

for fees and expenses of all services rendered for preparing, filing, noticing, and attending hearings in opposition to a motion to dismiss the case, for motions to avoid lien or to approve a loan modification, and for other routine pleadings.

### Motions to Value Real Property, Treat Claim as Unsecured and Avoid Junior Lien (Lien Strips) $655

for fees and expenses of all services rendered for preparing, filing, noticing, and attending hearings when there is opposition to a motion to value real property, treat claim as unsecured and avoid junior lien.

### Motions to Impose/Extend Automatic Stay

**$390 (Unopposed)**
**$575 (Opposed)**

for fees and expenses for all services rendered for preparing, filing, noticing and attending hearings on motion to impose or extend the automatic stay.

### Novel and Complex Motions and Oppositions to Motions

These types of motions and oppositions may be billed at hourly rates, and counsel must file a fee application in compliance with Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2002 and 2016.

***Requirements for a fee application:***

3

Once the attorney receives any guideline fee in the case, a later fee application must be based on atypicality. That requires showing that the case presented issues more difficult than those faced by Chapter 13 practitioners on a regular basis. *See Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592 (9th Cir. 2006). Filing a novel and complex motion, or opposing one, may meet that description. All fee applications must comply with applicable rules, including Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 2002 and 2016, and all United States Trustee guidelines.

### *Debtor's objection to a fee application:*

The debtor has the right to timely object to a fee application, and may be heard in connection with any other party's fee objection. If the debtor disputes the legal services provided or the fees charged by the attorney, the debtor may file an objection with the court and set the matter for hearing.

### *Dismissal or withdrawal of the attorney:*

Any change of debtor's attorney must be approved by court order. This requirement applies to all substitutions and withdrawals of counsel, including where: (1) debtor seeks to discharge the attorney; (2) the attorney seeks permission to withdraw as counsel; and (3) debtor and their attorney file a stipulation to substitute or withdraw counsel.

### *Payment of fees:*

By signing this document, debtor agrees that their attorney can be paid guideline fees in the amounts listed above, if guideline fees have been chosen. All post-filing fees will be paid through the plan unless either the court orders otherwise, or the attorney: (1) holds in their client trust account all additional fees paid by the debtor; (2) promptly discloses receipt of those fees; and (3) promptly seeks court approval. Such fees may be disbursed from the attorney's client trust account only after the court awards them. The bankruptcy judge has discretion in approving fees, and may allow less than the requested amount.

The initial guideline fee may not exceed $3,900 in consumer cases. The initial fee charged in this case is $ __3,900.00__ .

I acknowledge the foregoing.

Dated:   **October 29, 2019**

**Daniel E Nichols**
Debtor

Dated:   **October 29, 2019**

**Scott R. Burton**
Attorney for Debtor(s)

4

# Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

**This notice is for you if:**

**You are an individual filing for bankruptcy,** and

**Your debts are primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

**The types of bankruptcy that are available to individuals**

Individuals who meet the qualifications may file under one of four different chapters of Bankruptcy Code:

Chapter 7 - Liquidation

Chapter 11 - Reorganization

Chapter 12 - Voluntary repayment plan for family farmers or fishermen

Chapter 13 - Voluntary repayment plan for individuals with regular income

**You should have an attorney review your decision to file for bankruptcy and the choice of chapter.**

| Chapter 7: | Liquidation |
|---|---|
| $245 | filing fee |
| $75 | administrative fee |
| + $15 | trustee surcharge |
| $335 | total fee |

Chapter 7 is for individuals who have financial difficulty preventing them from paying their debts and who are willing to allow their nonexempt property to be used to pay their creditors. The primary purpose of filing under chapter 7 is to have your debts discharged. The bankruptcy discharge relieves you after bankruptcy from having to pay many of your pre-bankruptcy debts. Exceptions exist for particular debts, and liens on property may still be enforced after discharge. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

However, if the court finds that you have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge.

You should know that even if you file chapter 7 and you receive a discharge, some debts are not discharged under the law. Therefore, you may still be responsible to pay:

most taxes;

most student loans;

domestic support and property settlement obligations;

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

most fines, penalties, forfeitures, and criminal restitution obligations; and

certain debts that are not listed in your bankruptcy papers.

You may also be required to pay debts arising from:

fraud or theft;

fraud or defalcation while acting in breach of fiduciary capacity;

intentional injuries that you inflicted; and

death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.

If your debts are primarily consumer debts, the court can dismiss your chapter 7 case if it finds that you have enough income to repay creditors a certain amount. You must file *Chapter 7 Statement of Your Current Monthly Income* (Official Form 122A–1) if you are an individual filing for bankruptcy under chapter 7. This form will determine your current monthly income and compare whether your income is more than the median income that applies in your state.

If your income is not above the median for your state, you will not have to complete the other chapter 7 form, the *Chapter 7 Means Test Calculation* (Official Form 122A–2).

If your income is above the median for your state, you must file a second form —the *Chapter 7 Means Test Calculation* (Official Form 122A–2). The calculations on the form— sometimes called the *Means Test*—deduct from your income living expenses and payments on certain debts to determine any amount available to pay unsecured creditors. If

your income is more than the median income for your state of residence and family size, depending on the results of the *Means Test*, the U.S. trustee, bankruptcy administrator, or creditors can file a motion to dismiss your case under § 707(b) of the Bankruptcy Code. If a motion is filed, the court will decide if your case should be dismissed. To avoid dismissal, you may choose to proceed under another chapter of the Bankruptcy Code.

If you are an individual filing for chapter 7 bankruptcy, the trustee may sell your property to pay your debts, subject to your right to exempt the property or a portion of the proceeds from the sale of the property. The property, and the proceeds from property that your bankruptcy trustee sells or liquidates that you are entitled to, is called *exempt property*. Exemptions may enable you to keep your home, a car, clothing, and household items or to receive some of the proceeds if the property is sold.

Exemptions are not automatic. To exempt property, you must list it on *Schedule C: The Property You Claim as Exempt* (Official Form 106C). If you do not list the property, the trustee may sell it and pay all of the proceeds to your creditors.

### Chapter 11: Reorganization

| | | |
|---|---:|---|
| | $1,167 | filing fee |
| + | $550 | administrative fee |
| | $1,717 | total fee |

Chapter 11 is often used for reorganizing a business, but is also available to individuals. The provisions of chapter 11 are too complicated to summarize briefly.

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

## Read These Important Warnings

Because bankruptcy can have serious long-term financial and legal consequences, including loss of your property, you should hire an attorney and carefully consider all of your options before you file. Only an attorney can give you legal advice about what can happen as a result of filing for bankruptcy and what your options are. If you do file for bankruptcy, an attorney can help you fill out the forms properly and protect you, your family, your home, and your possessions.

Although the law allows you to represent yourself in bankruptcy court, you should understand that many people find it difficult to represent themselves successfully. The rules are technical, and a mistake or inaction may harm you. If you file without an attorney, you are still responsible for knowing and following all of the legal requirements.

You should not file for bankruptcy if you are not eligible to file or if you do not intend to file the necessary documents.

Bankruptcy fraud is a serious crime; you could be fined and imprisoned if you commit fraud in your bankruptcy case. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

---

**Chapter 12: Repayment plan for family farmers or fishermen**

|   | | |
|---|---|---|
|   | $200 | filing fee |
| + | $75 | administrative fee |
|   | $275 | total fee |

Similar to chapter 13, chapter 12 permits family farmers and fishermen to repay their debts over a period of time using future earnings and to discharge some debts that are not paid.

---

**Chapter 13: Repayment plan for individuals with regular income**

|   | | |
|---|---|---|
|   | $235 | filing fee |
| + | $75 | administrative fee |
|   | $310 | total fee |

Chapter 13 is for individuals who have regular income and would like to pay all or part of their debts in installments over a period of time and to discharge some debts that are not paid. You are eligible for chapter 13 only if your debts are not more than certain dollar amounts set forth in 11 U.S.C. § 109.

---

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, usually using your future earnings. If the court approves your plan, the court will allow you to repay your debts, as adjusted by the plan, within 3 years or 5 years, depending on your income and other factors.

After you make all the payments under your plan, many of your debts are discharged. The debts that are not discharged and that you may still be responsible to pay include:

domestic support obligations,

most student loans,

certain taxes,

debts for fraud or theft,

debts for fraud or defalcation while acting in a fiduciary capacity,

most criminal fines and restitution obligations,

certain debts that are not listed in your bankruptcy papers,

certain debts for acts that caused death or personal injury, and

certain long-term secured debts.

---

### Warning: File Your Forms on Time

Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information about your creditors, assets, liabilities, income, expenses and general financial condition. The court may dismiss your bankruptcy case if you do not file this information within the deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

For more information about the documents and their deadlines, go to: http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

### Bankruptcy crimes have serious consequences

If you knowingly and fraudulently conceal assets or make a false oath or statement under penalty of perjury—either orally or in writing—in connection with a bankruptcy case, you may be fined, imprisoned, or both.

All information you supply in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the U.S. Trustee, the Office of the U.S. Attorney, and other offices and employees of the U.S. Department of Justice.

### Make sure the court has your mailing address

The bankruptcy court sends notices to the mailing address you list on *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101). To ensure that you receive information about your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.

A married couple may file a bankruptcy case together—called a *joint case*. If you file a joint case and each spouse lists the same mailing address on the bankruptcy petition, the bankruptcy court generally will mail you and your spouse one copy of each notice, unless you file a statement with the court asking that each spouse receive separate copies.

### Understand which services you could receive from credit counseling agencies

The law generally requires that you receive a credit counseling briefing from an approved credit counseling agency. 11 U.S.C. § 109(h). If you are filing a joint case, both spouses must receive the briefing. With limited exceptions, you must receive it within the 180 days *before* you file your bankruptcy petition. This briefing is usually conducted by telephone or on the Internet.

In addition, after filing a bankruptcy case, you generally must complete a financial management instructional course before you can receive a discharge. If you are filing a joint case, both spouses must complete the course.

You can obtain the list of agencies approved to provide both the briefing and the instructional course from: http://justice.gov/ust/eo/hapcpa/ccde/cc_approved.html .

In Alabama and North Carolina, go to: http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/ApprovedCreditAndDebtCounselors.aspx.

If you do not have access to a computer, the clerk of the bankruptcy court may be able to help you obtain the list.

Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com

CSD 1300 [12/01/17]

**United States Bankruptcy Court**
**Southern District of California**

Debtor(s):   Daniel Nichols

Case Number: __19-06176_____

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____

_____

**Mandatory Chapter 13 Plan**
**Dated:   10-29-2019**

---

| **Part 1:** | **Notices** |
| --- | --- |

**To All Parties in Interest:**

The court has provided guidelines for use of this form that can be found in CSD 1300A.

This plan does not provide for avoidance of a lien which impairs an exemption. This must be sought by separate motion.

**To Debtors:**

In some places this form provides you with options. You should carefully consider whether you need to elect among the options. If you do, you should carefully consider which option is appropriate.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**

**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation in accordance with Southern District of California Local Bankruptcy Rule 3015-5 within 7 days after the filing of the Notice of Meeting of Creditors Held and Concluded. Untimely objections may not be considered. Any such objections must be noticed for hearing at least 28 days after filing the objection. The Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015(f). In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

1.1   A limit on the amount of a secured claim, set out in § 3.2, which may result in a partial payment or no payment at all to the secured creditor  ☐ Included  ☒ Not included

1.2   Nonstandard provisions, set out in Part 9  ☐ Included  ☒ Not included

| Part 2: | Plan Payments and Length of Plan |
|---------|----------------------------------|

**2.1 Regular payments.**

Debtor(s) will make regular payments to the trustee as follows:

*Complete one.*

$ _____ per month for 36 months (Applicable commitment period for below median debtor(s))

$ 1,000.00 _____ per month for 60 months (Applicable commitment period for above median debtor(s))

$ _____ per month _____ months (Despite applicable commitment period of 36 months, debtor(s) seek additional time to cure secured or priority arrearages or to make necessary payments to meet the liquidation test specified in § 5.2.2.)

**2.2 Irregular payments.**

Debtor(s) will change the payment amount at different time periods as follows:

| $ | per | from | to | |
|---|-----|------|----|--|

*Insert additional payments as needed.*

**2.3 Manner of payments.**

Regular payments must be made directly to the trustee from future earnings unless the court issues an earnings withholding order. Any other manner of payment must be specified by checking the box below.

☐ Other (specify method of payment): _____ .

**2.4 Income tax issues.**

*Check all that apply.*

☒ Debtor(s) will retain any federal or state tax refunds received during the plan term.

☒ Debtor(s) will supply the trustee with a copy of each federal and state tax return filed during the plan term within 14 days of filing the return.

☐ Debtor(s) will turn over to the trustee all federal and state income tax refunds, other than earned income or child care tax credits, received during the plan term.

☐ Debtor(s) will supply the trustee with federal and state tax returns filed during the plan term and will turn over to the trustee a portion of any federal and state income tax refunds received during the plan term as specified below.

**Debtor(s) must not change their withholding exemptions during the plan term unless there is an appropriate change in circumstances and will timely pay all post-confirmation tax liabilities directly to the appropriate taxing authority as they become due.**

**2.5 Additional payments.**

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 2.5 need not be completed or reproduced.*

[ ] Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____

_____

_____

**2.6 The total amount of estimated payments to the trustee provided for in §§ 2.1 through 2.5 is** $ _60,000.00_____ .

| Part 3: | Treatment of Secured Claims |

**3.1 Maintenance of payments and cure of any default.**

*Check one. If neither box is checked, "None" applies.*

[ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

[X] The debtor(s) will maintain the contractual installment payments on the claims listed below, with any changes required by the applicable contract, and cure any default in payments on the secured claims listed below. The allowed claim for any arrearage amount will be paid under the plan, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or amended proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. A tardily filed proof of claim will be disallowed unless it is estimated below or unless the debtor(s) brings a motion to allow the claim. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of arrearage | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Home Point Financial 5464 | 801 Ethel Place National City, Ca | $  40,000.00 | 3.78  % | $  700.00 | $  41,512.00 |
|  |  | $ | % | $ | $ |
|  |  | $ | % | $ | $ |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and claim modification.**

**To determine the proper valuation of real estate secured claims, the debtor(s) must timely file a motion in accordance with Local Bankruptcy Rule 3015-8 in addition to including the creditor in this section of the plan. No such motion is necessary for valuation determinations for personal property secured claims.**

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan unless the claim is entitled to priority status, in which case it will be provided in Part 4. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of the following events as applicable to the particular secured creditor: 1) payment of the underlying debt determined under nonbankruptcy law; 2) discharge under 11 U.S.C. § 1328, or 3) completion of payments under the plan if the debtors(s) are not entitled to a discharge. After the date applicable to termination of the lien, it will be released by the creditor unless the claim is a nondischargeable claim owed to a governmental entity. See Local Bankruptcy Rule 3015-8.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

[ ] The debtor(s) request that the court determine the value of the secured claims to be treated in the manner below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as stated below in the column headed *Amount of secured* claim. For secured claims of governmental units, unless otherwise ordered by the court pursuant to a claim objection, the amounts listed in proofs of claim filed in accordance with the Bankruptcy Rules control over any contrary amounts listed below. For each listed secured claim, the controlling amount of the claim will be paid in full under the plan with interest at the rate stated below.

**3.2.1 Identify creditor and collateral.**

| Name of creditor with last 4 digits of account number | Estimated amount of creditor's allowed secured claim | Collateral | Value of collateral | Amount of claims senior to creditor's allowed secured claim |
|---|---|---|---|---|
| | $ | | $ | $ |
| | $ | | $ | $ |
| | $ | | $ | $ |

*Insert additional claims as needed.*

**3.2.2 Treatment of creditor.**

| Name of creditor with last 4 digits of account number | Amount of allowed secured claim | Interest rate as provided by law | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|
| | $ | % | $ | $ |
| | $ | % | $ | $ |
| | $ | % | $ | $ |

*Insert additional claims as needed.*

## 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

[ ] The claims listed below were either:

(1) secured by real estate and matured pre-petition;

(2) secured by real estate and will mature during the term of the plan;

(3) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or

(4) incurred within 1 year of the petition date and secured by a purchase money security interest in any other property of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor with last 4 digits of account number | Collateral | Amount of claim | Interest rate | Monthly payment | Estimated total payments |
|---|---|---|---|---|---|
| | | $ | % | $ | $ |
| | | $ | % | $ | $ |
| | | $ | % | $ | $ |
| | | $ | % | $ | $ |

*Insert additional claims as needed.*

**3.4 Surrender of collateral to secured creditors.**

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

[ ] The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The stays under 11 U.S.C. § 362(a) and § 1301 will terminate with respect to the surrendered property on the effective date of the plan without the requirement of any further order. The stays will otherwise remain in effect. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor with last 4 digits of account number | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**3.5 Intentional exclusion of claim from treatment under the plan.**

*Secured and partially secured creditors who received proper notice but who do not timely file a proof of claim, and who are not provided for elsewhere in the plan, will be considered excluded creditors and treated in this section.*

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[ ] The claims held by creditors listed below will not be provided for under the plan, and the plan will not affect any of the claimant's rights under applicable law.

| Name of creditor and description of claim | Description of claim |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed.*

**Part 4:  Treatment of Priority Claims**

**4.1 Treatment of priority claims.**

All allowed priority claims other than those treated in §§ 4.5 and 4.6 of the plan will be paid in full without interest.

### 4.2 Interest exception.

If the plan provides interest to unsecured nonpriority creditors, that same rate of interest will be paid to all creditors for which interest is not otherwise specifically provided under this plan.

### 4.3 Trustee's fees.

The trustee will receive a fee, the percentage of which is set by the United States Trustee in accordance with applicable law. The trustee's fees are estimated to be ___10__ % of plan payments; and during the plan term, they are estimated to total $ 6,000.00_____ .

### 4.4 Adequate protection payments.

The trustee will make pre-confirmation adequate protection payments to secured creditor, identified in General Order 175-F, from plan payments received from the debtor(s), as this order may be amended from time to time.

### 4.5 Domestic support obligations.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

[ ] The allowed priority claims listed below are based on a domestic support obligation owed to a spouse or a dependent as scheduled or in the amount set forth in a proof of claim, which will control in the event of a conflict.

| **Name of creditor** | **Amount of claim to be paid by trustee** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| _____ | $ _____ |

*Insert additional claims as needed.*

### 4.6 Assigned domestic support obligations.

[ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4), but not less than the amount that would have been paid on such claim if the estate of the debtor(s) were to be liquidated under chapter 7. See 11 U.S.C. § 1325(a)(4).

| **Name of creditor** | **Amount of claim to be paid by trustee** |
|---|---|
| _____ | $ _____ |
| _____ | $ _____ |
| | $ |

Even if a domestic support obligation claim is not listed here, debtor(s) must nevertheless pay it in full to receive a discharge.

*Insert additional claims as needed.*

### 4.7 Attorney's fees.

The total amount of attorney's fees to be paid under the plan is estimated to be $0.00_____. The balance of the fees awarded by court order to professionals for debtor(s) under 11 U.S.C. § 330 will be paid as follows:

*Check one*

☐ on a *priority* basis before other priority claims other than trustee's fees and adequate protection payments.

☐ in installment payments of $_____.

### 4.8 Other priority claims and secured portion of federal and state tax claims.

All priority claims identified in 11 U.S.C. § 507, including unsecured priority tax claims, are included in this section of the plan. The secured portion of a federal or state tax claim is also included in this section unless specifically provided for elsewhere in this plan.

*Check one. <u>If neither box is checked, "None" applies.</u>*

☒ **None.** *If "None" is checked, the rest of § 4.8 need not be completed or reproduced.*

☐ The debtor(s) estimate the total amount of priority and secured tax claims to be paid under this section of the plan to be $_____ . This sum is a total of all of the payments listed below to be paid in accordance with this section. Priority claim payments are owed to the following creditors in the following amounts.

*Check all that apply.*

☐ Internal Revenue Service in the estimated amount of $_____.

☐ Franchise Tax Board in the estimated amount of $_____.

☐ California Department of Tax and Fee Administration in the estimated amount of $_____.

☐ Employment Development Department in the estimated amount of $_____ .

☐ County Property Tax Assessor (not real property taxes) in the estimated amount of $_____.

☐ Other in the estimated amount of $_____.

---

**Part 5:** **Treatment of Nonpriority Unsecured Claims**

### 5.1 General.

Nonpriority unsecured claims will be paid to the extent allowed as specified in this Part.

### 5.2 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified in this plan will be paid, pro rata, all funds remaining after payment of all other creditors provided under the plan. Payments to unsecured creditors

will be allowed to the extent paid if an allowed amended, late filed, or late added claim reduces the amount available to unsecured creditors under this section.

### 5.2.1 Projected payment to nonpriority unsecured creditors.

Based upon the total payments to the trustee listed in § 2.6 of the plan, minus the payments under the plan on the claims scheduled by the debtor(s) that are provided for in §§ 3.1 through 3.3, Part 4, §§ 5.3 through 5.5, and Part 6 of the plan, the estimated payment to allowed nonpriority unsecured claims not separately classified under the plan is $ 12,488.00_____. This amount will be shared on a pro-rata basis on these claims. This amount will not be reduced by claims arising under 11 U.S.C. § 1305 and §§ 507(a)(1)(A) and (B) that are not fully addressed in the plan, but may otherwise increase or decrease.

### 5.2.2 Required payment to nonpriority unsecured creditors under the liquidation test.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00_____. The total of the payments on allowed nonpriority unsecured claims will be made in at least this amount, and debtor(s) will be required to make payments in addition to those specified in Part 2 to prevent the plan from going into default.

### 5.3 Interest on allowed nonpriority unsecured claims not separately classified.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

[ ] Once nonpriority unsecured claims are paid 100% without interest, accrued simple interest at an annual percentage rate of _____% calculated as of the petition date will be paid to the extent of available funds.

### 5.4 Non-filing co-debtor claim treatment for maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one. If neither box is checked, "None" applies.*

[x] **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

[ ] The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. The allowed claim for the arrearage amount will be paid under the plan. Filed proof of claim amounts will control over scheduled amounts of claims.

| Name of creditor with last 4 digits of account number | Estimated arrearage | Interest rate on arrearage |
|---|---|---|
| _____ | $ _____ | _____ % |
| _____ | $ _____ | _____ % |
| _____ | $ _____ | _____ % |

*Insert additional claims as needed.*

**5.5 Other separately classified nonpriority unsecured claims.**

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

[ ] The **nonpriority** unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount of claim to be paid over life of plan | Interest rate (if applicable) |
|---|---|---|---|
| _____ | _____ | $ _____ | _____ % |
| _____ | _____ | $ _____ | _____ % |
| _____ | _____ | $ _____ | _____ % |

*Insert additional claims as needed.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one. If neither box is checked, "None" applies.*

[X] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

[ ] **Assumed items.** The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Property description | Treatment (Refer to other plan section if applicable) | Current installment payment (Disbursed by Debtor(s)) | Amount of arrearage to be paid by trustee |
|---|---|---|---|---|
| | | | $ | $ |
| | | | $ | $ |
| | | | $ | $ |

*Insert additional contracts or leases as needed.*

| Part 7: | Order of Distribution of Trustee Payments |
|---|---|

Trustee will have discretion to determine the order of distribution within the requirements of applicable law and whether to reserve payment to claims that are subject to a pending objection.

| Part 8: | Vesting of Property of the Estate |
|---|---|

Property of the estate will not revest in the debtor(s) until a Chapter 13 discharge is granted or the case is dismissed or closed without a Chapter 13 discharge. Before then, the debtor(s) must seek approval of the court to purchase, sell, or refinance property of a material value, or to enter into loan modifications. Revestment will be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate will vest in accordance with applicable law.

## Part 9:   Nonstandard Plan Provisions

Check "None" or List Nonstandard Plan Provisions

[X] **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.2.**

## Part 10:   Signatures

### Signatures of Debtor(s) and Debtor(s)' Attorney

*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s)' signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

**x** _____
Signature of Debtor 1

**x** _____
Signature of Debtor 2

Executed on   10-29-2019
          MM / DD / YYYY

Executed on _____
          MM / DD / YYYY

**x** _____
Signature of Attorney for Debtor(s)

Date   10-29-2019
          MM / DD / YYYY

By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in CSD 1300, other than any nonstandard provisions included in Part 9.